**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST; and INTERNATIONAL UNION OF OPERATING ENGINEERS OF CHICAGO, ILLINOIS AND VICINITY LOCAL NO. 399, | ) | CASE NO.: 26-cv-11928 |
| Plaintiffs, | ) | JUDGE: |
| vs. | ) | MAGISTRATE JUDGE: |
| A SAFE HAVEN FOUNDATION, an Illinois Not-For-Profit Corporation, | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COME Plaintiffs, the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST ("Welfare Fund"), and the INTERNATIONAL UNION OF OPERATING ENGINEERS OF CHICAGO, ILLINOIS AND VICINITY LOCAL NO. 399 ("Union"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant, A SAFE HAVEN FOUNDATION (the "Foundation"), as follows:

**JURISDICTION AND VENUE**

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2. Count II of this action arises under Section 301 of the Labor Management Relations Act (hereinafter referred to as the "LMRA") (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of Count II pursuant to 29 U.S.C. § 185, as well as 28 U.S.C. § 1331.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Welfare Fund is administered at 2260 S. Grove Street, Chicago, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

4. The Welfare Fund receives contributions from numerous employers pursuant to collective bargaining agreements negotiated between the Union and employers and is therefore a multiemployer plan under 29 U.S.C. § 1002.

5. The Union is the bargaining representative of the Foundation's bargaining-unit employees.

6. The Foundation is an Illinois not-for-profit corporation with its principal address at 2750 West Roosevelt Road, Chicago, Illinois 60608.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT – CONTRIBUTIONS**

7. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. The Foundation signed the current Collective Bargaining Agreement ("CBA") with the Union which covers work performed by its bargaining-unit employees and which was effective from July 1, 2023 through June 30, 2026. (A copy of the CBA is attached as **Exhibit A**).

9. Pursuant to the CBA, the Foundation became bound by the terms of the Amended Restated

Trust Agreement ("Welfare Trust Agreement"), which created the Welfare Fund.

10. Effective January 1, 2025, the Welfare Fund and Union adopted a Restated Collection and Audit Policy ("Collection Policy") to administer the collection of contributions and union dues from contributing employers. (A copy of the Collection Policy is attached as **Exhibit B**).

11. Pursuant to the provisions of the CBA, the Welfare Trust Agreement, and the Collection Policy, the Foundation is required to pay monthly contributions to the Welfare Fund for all bargaining-unit employees.

12. Welfare Fund contributions are billed in the third week of the month preceding the month being billed, and payment is due the first day of the month following the month being billed.

13. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBA, the Welfare Fund's Trust Agreement, and the Collection Policy, employers who fail to submit their monthly contributions to the Welfare Fund within ninety (90) days of the due date are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus reasonable attorney's fees and costs associated with collecting delinquent contributions and liquidated damages.

14. The Foundation failed to submit contributions to the Welfare Fund for the months of August 2025, October 2025, November 2025, December 2025, March 2026, April 2026, May 2026, June 2026, July 2026, and August 2026, in the aggregate amount of $16,553.26.

15. As a result of the Foundation's failure to submit contributions to the Welfare Fund for the months of August 2025, October 2025 through December 2025, and March 2026 through May 2026 within ninety (90) days of the due date, the Foundation owes the Welfare Fund

liquidated damages totaling $1,146.53.

16. The Foundation has a continuing obligation to pay contributions to the Welfare Fund on behalf of its bargaining-unit employees; therefore, additional amounts will become due and owing by the Foundation.

17. The Welfare Fund has been required to employ the undersigned attorneys to collect the monies that are due and owing from the Foundation.

18. The Foundation is obligated to pay the reasonable attorney's fees and court costs incurred by the Welfare Fund pursuant to the CBA, Welfare Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That judgment be entered in favor of the Welfare Fund and against the Foundation in the aggregate amount of $17,699.79 for its breach of the CBA, itemized as follows:

i. $ 16,553.26 in unpaid contributions; and

ii. $ 1,146.53 in liquidated damages;

B. That this Honorable Court enter judgment in favor of Plaintiffs and against the Foundation for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C. That the Foundation be ordered to pay the reasonable attorney's fees and costs incurred by the Welfare Fund pursuant to the CBA, Welfare Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

D. That the Welfare Fund have such other and further relief as the Court may deem just and equitable, all at the Foundation's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT – UNION DUES

19. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. The Foundation signed the current Collective Bargaining Agreement ("CBA") with the Union which covers work performed by its bargaining-unit employees and which was effective from July 1, 2023, through June 30, 2026. (**Exhibit A**).

21. The Union adopted the Collection Policy to administer the collection of contributions and union dues from contributing employers. (**Exhibit B**).

22. Pursuant to the provisions of the CBA and Collection Policy, the Foundation is required to deduct dues from participating bargaining-unit employees and remit such dues to the Union no later than the twentieth (20th) day of the following month after such deductions were made.

23. Pursuant to the provisions of the CBA and Collection Policy, employers who fail to pay dues to the Union by the due date twice in a twelve (12) month period are responsible for liquidated damages equal to five percent (5%) per month, plus interest of two percent (2%) per month.

24. The Foundation failed to remit dues to the Union for the months of March 2026 through August 2026, in the aggregate amount of $762.50.

25. As a result of the Foundation's failure to timely remit dues to the Union for the months of March 2026 through August 2026, the Foundation currently owes the Union liquidated damages totaling $132.65.

26. As a result of the Foundation's failure to timely remit dues to the Union for the months of March 2026 through August 2026, the Foundation currently owes the Union interest totaling $53.07, which continues to accrue.

27. The Foundation has a continuing obligation to deduct and remit dues to the Union on behalf of its bargaining-unit employees; therefore, additional amounts will become due and owing by the Foundation.

28. The Union has been required to employ the undersigned attorneys to collect the monies that are due and owing from the Foundation.

29. The Foundation is obligated to pay the reasonable attorney's fees and court costs incurred by the Union pursuant to the CBA and Collection Policy.

**WHEREFORE**, the Union respectfully requests:

A. That judgment be entered in favor of the Union and against the Foundation in the aggregate amount of $948.22 for its breach of the CBA for the months of March 2026 through August 2026, itemized as follows:

   i. $762.50 in dues;

   ii. $132.65 in liquidated damages; and

   iii. $53.07 in interest;

B. That this Honorable Court enter judgment in favor of the Union and against the Foundation for any amounts discovered to be owed in addition to those set forth in Paragraph A above;

C. That the Foundation be ordered to pay the reasonable attorney's fees and costs incurred by the Union; and

D. That the Union have such other and further relief as the Court may deem just and equitable, all at the Foundation's cost.

Respectfully Submitted,

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST *et al.***

/s/ Ricardo Alvarez
Ricardo Alvarez (6352617)
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
141 W. Jackson Boulevard, Suite 2055
Chicago, Illinois 60604
(312) 788-2917
Email: alvarez@johnsonkrol.com